Edward R. Litwin SB#: 57635
Christina H. Lee SB#: 230883
Litwin & Associates, A Law Corporation
1435 Huntington Ave., Suite 336
South San Francisco, CA 94080
(650) 588-7100 (t) (650) 588-4302 (f)

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

## C 07 3428

Ruslan Vladimirovich Belkin   )
  )
    Plaintiff,   )
  )
     -vs-   )
  )
Michael Chertoff, Secretary   )
  )
Emilio T. Gonzalez, Director, CIS   )
  )
Rosemary Melville, District Director   )
  )
Frank Siciliano, Field Office Director   )
  )
Department of Homeland Security;   )
  )
Robert S. Mueller, Director   )
  )
Federal Bureau of Investigations   )
  )
    Defendants.   )

Civil No.

PLAINTIFF'S ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
MANDAMUS

**HRL**

"Immigration Case"

CIS NOs.    A075-668-801

COMES NOW Ruslan Vladimirovich Belkin, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1.    This action is brought against the Defendants to compel action on Form N-400, Application for Naturalization properly filed by the Plaintiff. The application remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to the Plaintiff's detriment.

COMPLAINT            1

PARTIES

2.     Plaintiff Ruslan Vladimirovich Belkin is a 39 year-old native and citizen of the Ukraine. He became a lawful permanent resident of the United States on September 15, 2000.

3.     Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS) and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act (the Act) and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 CFR §2.1.

4.     Defendant Emilio T. Gonzalez is the Director of the United States Citizenship and Immigration Services (USCIS), an agency within the DHS to whom the Secretary's authority has, in part, been delegated and is subject to the Secretary's supervision, and this action is brought against him in his official capacity. Defendant Emilio T. Gonzalez is generally charged with the overall administration of benefits and immigration services. 8 CFR §100.2(a).

5.     Defendant Rosemary Melville is the District Director of the San Francisco District of the CIS, and this action is brought against her in her official capacity. Defendant Rosemary Melville is generally charged with administration and enforcement of the Act and all other laws relating to immigration and naturalization within her assigned geographic area. 8 C.F.R. § 100.2(d)(2)(ii).

6.     Defendant Frank Siciliano is the Field Office Director of the San Jose sub-office and this action is brought against him in his official capacity. Defendant Frank Siciliano is an official of the CIS charged with supervisory authority over operations of the San Jose sub-office, including adjudication of naturalization applications filed within its jurisdiction. Defendant Frank Siciliano is the official with whom Plaintiff's application for naturalization continues to pend. 8 CFR §100.2(d)(2)(ii), 8 CFR §100.4(c)(1), and 8 CFR §103.1(b).

7.     Defendant Robert S. Mueller is the Director of the Federal Bureau of Investigations (FBI) and this action is brought against him in his official capacity. Defendant Robert S. Mueller is the head of

COMPLAINT                                    2

the FBI, an agency charged with duties such as conducting investigations regarding official matters under the control of the Department of Justice and the Department of State as may be directed by the Attorney General.  28 USC § 533.

## JURISDICTION

8.    The Court has jurisdiction of this action pursuant to 28 USC §§1331 and 1361, the Administrative Procedures Act of 5 USC § 555(b) and §701 *et seq.*, 8 USC § 1421 *et seq.,* and 8 USC § 1447(b) and 28 USC § 2201 since the Defendants have failed to make a determination of Plaintiff's application for naturalization within the 120 day statutory period.  Relief is requested pursuant to said statutes.

## INTRADISTRICT ASSIGNMENT

9.    Pursuant to Civil L.R. 3-2(d), since the Plaintiff resides in Santa Clara County, assignment shall be to the San Jose Division.

## VENUE

10.    Venue is proper in this court, pursuant to 28 USC § 1391(e)(3), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the plaintiff resides if no real property is involved in the action.  Specifically, Plaintiff resides at 2286 Amethyst Drive, Santa Clara, California, and no real property is involved in the instant action.

## EXHAUSTION OF REMEDIES

11.    Plaintiff has exhausted his administrative remedies.  Plaintiff has made numerous inquiries concerning the status of his application to no avail.

## CAUSE OF ACTION

12.    All legal prerequisites having been satisfied, Plaintiff Belkin filed his application for naturalization on June 21, 2005, with the USCIS.

COMPLAINT                                        3

13.    On July 26, 2005, Plaintiff Belkin went to the Application Support Center in San Jose, and had his fingerprints taken.

14.    On November 15, 2005, Plaintiff Belkin attended his interview with the USCIS. He passed the civics and English requirement and his application was recommended for approval. He was told he would be notified when and where to report for his oath ceremony.

15.    On February 16, 2006, having not heard from the USCIS, Plaintiff Belkin contacted the USCIS regarding the status of his case. On February 21, 2006, Plaintiff Belkin received a notice from the USCIS stating that the processing of his case had been delayed as the required investigation into his background check remained open.

16.    On February 23, 2006, Plaintiff Belkin went in-person to the USCIS in San Jose to inquire about his case. The USCIS officer stated that the Plaintiff's FBI name check was still pending, and suggested that the Plaintiff contact the FBI by fax. That same day, the Plaintiff sent an inquiry to the FBI by fax. The Plaintiff received no response.

17.    On April 4, 2006, Plaintiff Belkin sent a letter to Congressman Michael Honda requesting his assistance in his immigration case. On or about April 10, 2006, the Plaintiff received a letter from Congressman Honda's office stating that the Congressman's office had contacted the FBI on the Plaintiff's behalf. The letter further stated that the Congressman's office would contact Plaintiff Belkin as soon as it received a response from the FBI.

18.    Subsequently on or around May 9th and May 31st of 2006, Congressman Honda's office made two more inquiries to the FBI on behalf of Plaintiff Belkin.

19.    On June 1, 2006, Plaintiff Belkin faxed another inquiry letter to the FBI. He received no response.

20.    On or about June 8, 2006, Plaintiff Belkin received a letter from Congressman Honda's office stating that the FBI had verified that Plaintiff Belkin's name check was received and was still pending.

COMPLAINT                                4

21.     On September 26, 2006, Plaintiff Belkin called the USCIS to make another inquiry regarding his case. On or about September 27, 2006, the Plaintiff received a letter from the USCIS stating that "[t]he processing of your case has been delayed. A check of our records establishes that your case is not yet ready for decision, as the required investigation into your background remains open."

22.     On December 9, 2006, Plaintiff Belkin contacted Congressman Honda's office requesting his assistance in resolving his pending case as more than six months had passed since the Congressman's office had last contacted the FBI on his behalf.

23.     On or about February 2, 2007, Plaintiff Belkin received a response from Congressman Honda stating that the Plaintiff's name check was still pending and that no further action could be taken by his office.

24.     On or about March 1, 2007, Plaintiff Belkin contacted Senator Feintstein's office requesting her assistance on resolving his case.

25.     On May 24, 2007, Plaintiff Belkin went to the USCIS in San Jose with an INFOPASS appointment. He was told by the USCIS officer that his FBI name check was pending since July 2005 and that his name check could not be expedited except for military deployments.

26.     On or about May 25, 2007, Plaintiff Belkin received a letter from Senator Feinstein's office stating that the FBI informed the Senator's office that his name check was still pending and that the Senator's office wait ninety-days before making a follow-up inquiry.

27.     More than 120 days have passed since the Plaintiff's initial interview, and the Defendants have made no decision on Plaintiff's application.

28.     The Defendants' failure to make a determination of Plaintiff's application within the 120-day statutory period allows the Plaintiff to bring the matter to this Court for a hearing pursuant to 8 USC § 1447(b).

29.     Further, upon information and belief, following Plaintiff's interview on November 15, 2005, the

COMPLAINT                                    5

USCIS Defendants requested the Federal Bureau of Investigation, or other Federal agencies unknown to the Plaintiff, to complete and verify security checks with regard to Plaintiff Belkin. Defendants Secretary Chertoff and Director Mueller and unknown officers and officials under their direction and control have failed and refused to complete such security checks as required under Executive Order 10450.

30.    The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., have unlawfully withheld, and are unlawfully withholding and unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case. By denying adjudication, Defendants are denying Plaintiff Belkin the rights accorded to a United States citizen, such as a right to vote.

31.    Plaintiff desires a judicial determination of his naturalization application and a declaration that he is entitled to be naturalized as a citizen of the United States.

PRAYER

32.    WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court will:

(a)    hear Plaintiff's case and render a declaratory judgment that he is entitled to be naturalized,

(b)    award the Plaintiff reasonable attorney's fees under the Equal Access to Justice Act; and

(c)    grant such further relief at law and in equity as justice may require.

Dated: _6/28/07_

Edward R. Litwin
Attorney for Plaintiff

COMPLAINT                                                6