1 | SCOTT N. SCHOOLS (SC 9990)
United States Attorney
2 | JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
3 | MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
4 | Assistant United States Attorney

5 | 450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
6 | Telephone: (415) 436-6730
FAX: (415) 436-6927

7 | Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| RUSLAN V. BELKIN, | ) | No. C 07-3428 HRL |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security; EMILIO T. GONZALEZ, Director, Citizenship and Immigration Services; ROSEMARY MELVILLE, District Director; FRANK SICILIANO, Field Office Director; ROBERT S. MUELLER, Director, Federal Bureau of Investigation, | ) | ANSWER TO COMPLAINT |
| Defendants. | ) | |

COME NOW the Defendants, by and through their counsel, Scott N. Schools, United States Attorney, and Melanie L. Proctor, Assistant United States Attorney, and in answer to the Plaintiff's Complaint ("Complaint"), set forth the following:

1. The allegations in Paragraph 1 consist entirely of Plaintiff's legal characterizations, to which no response is necessary. To the extent a response is required, Defendants deny the allegations, except Defendants admit Plaintiff's application remains pending.

2. Defendants admit the allegations in Paragraph 2.

3. Defendants admit the allegations in Paragraph 3.

ANSWER
C 07-3428 HRL

4.   Defendants admit the allegations in Paragraph 4.

5.   Defendants admit the allegations in Paragraph 5.

6.   Defendants admit the allegations in Paragraph 6.

7.   Defendants admit the allegations in Paragraph 7.

8.   The allegations in Paragraph 8 consist of Plaintiff's legal characterizations, to which no response is necessary. To the extent a response is required, Defendants deny the allegations.

9.   The allegation in Paragraph 9 consists of Plaintiff's allegation regarding intra-district assignment, to which no response is necessary. To the extent a response is required, Defendants deny the allegation.

10.   The allegations in Paragraph 10 consist of Plaintiff's legal characterizations, to which no response is necessary. Defendants aver that unless specifically provided by law, aliens have no residence in the United States for venue purposes. To the extent a response is required, Defendants deny the allegations in Paragraph 10.

11.   The allegations in Paragraph 11 consist of Plaintiff's conclusions of law, to which no response is necessary. To the extent a response is required, Defendants deny the allegations.

12.   Defendants admit that Plaintiff filed his application for naturalization on June 21, 2005. Defendants lack sufficient information to form a belief as to the truth of the remaining allegation in Paragraph 12, and on that basis, deny it.

13.   Defendants admit the allegations in Paragraph 13.

14.   Defendants admit the allegations in Paragraph 14. Defendants aver that any recommended approval of an application cannot be completed until the requisite background checks are completed..

15.   Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 15, and on that basis deny them.

16.   Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 16, and on that basis deny them.

17.   Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 17, and on that basis deny them.

18. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 18, and on that basis deny them.

19. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 19, and on that basis deny them.

20. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 20, and on that basis deny them.

21. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 21, and on that basis deny them.

22. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 22, and on that basis deny them.

23. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 23, and on that basis deny them.

24. Defendants lack sufficient information to form a belief as to the truth of the allegation in Paragraph 24, and on that basis deny it.

25. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 25, and on that basis deny them.

26. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 26, and on that basis deny them.

27. Defendants admit the allegation in Paragraph 27.

28. The allegations in Paragraph 28 consist of Plaintiff's conclusions of law, to which no response is necessary. To the extent an answer is required, Defendants deny the allegations.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. The allegation in Paragraph 31 consists of Plaintiff's characterization of this matter, to which no response is necessary. To the extent a response is required, Defendants deny the allegation.

32. The allegations in Paragraph 32 consist of Plaintiff's prayer for relief, to which no response is necessary. To the extent a response is required, Defendants deny that Plaintiff is entitled

to naturalization, deny that he is entitled to attorney's fees, and deny that any further relief is available.

## AFFIRMATIVE AND/OR OTHER DEFENSES

All allegations not here before specifically admitted, denied, or modified, are hereby denied. For further and separate answer, Defendants allege as follows:

### FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

### SECOND DEFENSE

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

### THIRD DEFENSE

No acts or omissions by the United States or its employees were the proximate cause of any injury or damages to the Plaintiff.

### FOURTH DEFENSE

At all times alleged in the complaint, Defendants were acting with good faith, with justification, and pursuant to authority.

### FIFTH DEFENSE

The Defendants are processing the application referred to in the Complaint to the extent possible at this time. Accordingly, no relief as prayed for is warranted.

WHEREFORE, Defendants pray that Plaintiff takes nothing by reason of his suit herein, that judgment be rendered in favor of Defendants, for costs of suit herein incurred, and for such other and further relief as this court may deem proper.

Dated: September 4, 2007                      Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


          /S/
MELANIE L. PROCTOR
Assistant United States Attorney
Attorneys for Defendants